IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIM. ACT. NO. 1:23-cr-230-TFM |
| | ) |
| DAVID ALEXANDER BROWN | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Defendant's Bruen-Based Motion to Dismiss* (Doc. 17, filed 4/5/23). The United States filed its response in opposition (Doc. 22, filed 4/11/24). Upon consideration of the motion, response, and relevant law, for the reasons set forth below, the motion is **DENIED**.

### I.   BACKGROUND AND MOTION

On December 26, 2023, Defendant Brown was indicted with a single count of possession of a firearm by a prohibited person (felon) in violation of 18 U.S.C. § 922(g)(1).  *See* Doc. 1. Defendant timely filed his motion to dismiss.  *See* Doc. 17.  Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to request pre-trial dismissal of charges where there exists "a defect in the indictment," such as "an infirmity of law in the prosecution." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). The motion to dismiss asserts a facial constitutional challenge arguing that after *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the Court announced a "text-and-history test" for analyzing Second Amendment challenges.  Put simply, Brown argues that 18 U.S.C. § 922(g)(1) is unconstitutional because the statute violates the Second Amendment to the United States' Constitution.

The United States filed a response in opposition to the motion to dismiss.  *See* Doc. 22. The response notes that the Eleventh Circuit recently reaffirmed the constitutionality of 18 U.S.C.

§ 922(g)(1) in *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024) and stating that *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010) had not be overruled or abrogated by *Bruen*. Additionally, the United States asserts that even beyond *Dubois*, the challenge fails because the Second Amendment protects law-abiding citizens and not felons. Finally, the United States says that § 922(g)(1) is consistent with traditional regulations as early governments had broad latitude to punish felons and could disarm dangerous or unvirtuous citizens.

## II.  DISCUSSION AND ANALYSIS

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In 2008, the Supreme Court issued an opinion in which it held that the Second Amendment protects an individual's right to keep and bear arms for the purpose of self-defense. *District of Columbia v. Heller*, 554 U.S. 570 (2008). In 2010, the Supreme Court then held that the Fourteenth Amendment's due process clause incorporates the Second Amendment right recognized in *Heller*, making it enforceable against the states. *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

After *Heller* and *McDonald*, many circuits (including the Eleventh Circuit) employed a two-step framework: "first, we ask if the restricted activity is protected by the Second Amendment in the first place; and then, if necessary, we . . . apply the appropriate level of scrutiny." *United States v. Focia*, 869 F.3d 1269, 1285 (11th Cir. 2017) (citation omitted).

*Bruen*, 597 U.S. 1, upended the second part of that framework by finding it was "one step too many." 597 U.S. at 19. The Court held:

> Step one of the predominant framework is broadly consistent with Heller, which demands a test rooted in the Second Amendment's text, as informed by history. But Heller and McDonald do not support applying means-end scrutiny in the Second Amendment context. Instead, the government must affirmatively prove that its

>   firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.

*Id*.  Thus, when analyzing Second Amendment challenges to firearm regulations, courts must first determine whether "the Second Amendment's plain text covers an individual's conduct[.]" *Id*. at 17. If so, "the Constitution presumptively protects that conduct[,]" and "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*.

In *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), the Eleventh Circuit rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(1).  An Eleventh Circuit holding is binding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  To overrule Eleventh Circuit precedent, a Supreme Court ruling must be "clearly on point." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003). Importantly, the Supreme Court did not overrule *Heller* or *McDonald*.  *Bruen*, 597 U.S. at 23-24. Rather, the Supreme Court stated that the lower courts had misinterpreted both cases when they applied means-end scrutiny in a Second Amendment context and instead only clarified the standard as opposed to creating a new one.  *Id*.

The Eleventh Circuit issued *Rozier* after the issuance of *Heller*.  Further, in *Heller*, the Supreme Court, while it did not consider § 922(g)(1), did state:

>   Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on *longstanding prohibitions* on the *possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Heller*, 554 U.S. at 626-27 (emphasis added). The Supreme Court stated that these regulatory

measures were "presumptively lawful." *Id*. at 627 n. 26. In *Rozier*, the Court held "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class." *Rozier*, 598 F.3d at 771; *cf. United States v. White*, 593 F.3d 1199, 1205 (11th Cir. 2010) (recognizing § 922(g)(1) as "presumptively lawful"). Further, in *Rozier*, the Eleventh Circuit did not discuss the second "means end scrutiny" step overturned by *Bruen*. Moreover, by reaffirming and adhering to its reasoning in *Heller* and *McDonald* the Supreme Court in *Bruen*, did not change the regulatory framework that prohibits felons from possessing firearms. Throughout the *Bruen* decision, the Supreme Court repeatedly references "law-abiding" citizens. *See, e.g., Bruen*, 142 S. Ct. at 2131 ("The Second Amendment . . . 'surely elevates above all other interests the right of *law-abiding, responsible citizens* to use arms' for self-defense.") (emphasis added) (quoting *Heller*, 554 U.S. at 635); *id*. at 2134 ("It is undisputed that petitioners Koch and Nash—two ordinary, *law-abiding, adult citizens*—are part of 'the people' whom the Second Amendment protects.") (emphasis added); *id*. at 2156 ("New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms.") (emphasis added).

Most importantly, the Eleventh Circuit issued a published opinion on March 5, 2024 which specifically foreclosed Defendant's argument. *See United States v. Dubois*, 94 F.4th 1284. In *Dubois*, the Eleventh Circuit held that *Bruen* <u>did not</u> abrogate *Rozier* and a Second Amendment challenge to § 922(g) under *Bruen* failed under current precedent. *Id*. at 1291-1293. Consequently, *Rozier* is still good law, this Court must apply it, and § 922(g)(1) is constitutional. Therefore, Defendant Brown's challenge argument fails and the motion to dismiss must be denied.[1]

---

[1] The Court finds that Defendant's failure to include even a reference to the *Dubois* case in his

### III. CONCLUSION

For the reasons discussed here, the *Defendant's Bruen-Based Motion to Dismiss* (Doc. 17) is **DENIED**.

**DONE** and **ORDERED** this 12th day of April 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

motion borders on disingenuous. Counsel still has an obligation to disclose contrary caselaw to his argument (particularly when binding precedent) when presenting or he potentially runs afoul for his Rule 11 requirements. The Court cautions counsel that if he intends to further assert this argument in other similar cases, he must disclose contrary case law to the Court or risk being in violation of the oath of candor to the court.